**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOHN W. ELLIS,

    Petitioner,

-vs-                                                                Case No.  8:07-CV-838-T-30EAJ

JAMES R. McDONOUGH,

    Respondent.
_____/

**ORDER**

This matter is before the Court on Petitioner's request for federal habeas relief filed *pro se*[1] pursuant to 28 U.S.C. § § §2254 (Dkt. 1) and a Motion for Consideration of Actual Innocence (Dkt. 2). Petitioner did not pay the $5.00 filing fee or file a request to proceed *in forma pauperis.*  *See* Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida (2005) ("The Clerk shall accept for filing all prisoner cases filed with or without the required filing fee or application to proceed in forma pauperis. However, a prisoner case will be subject to dismissal by the Court, *sua sponte*, if the filing fee is not paid or if the application is not filed within 30 days of the commencement of the action.").

**ACCORDINGLY**, the Court **ORDERS** that**:**

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida,  the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases.  His failure to do so could result in sanctions, including dismissal of his claims.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $4.20 postage affixed thereto.  For your information, the Local Rules measure 8 1/2" x 11" x 1/2".  A copy of the Local Rules may be found in the Prison Law Library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St.  Paul, Minnesota  55164.  This book may also be available in the Prison Law Library.

1. Petitioner shall, within **TWENTY (20) DAYS** hereof, either submit the $5.00 filing fee or complete and file the **enclosed** Affidavit of Indigency in accordance with Instruction 4 on the sheet attached to the form.

2. Petitioner's Motion for Consideration of Actual Innocence is **DENIED** without prejudice as premature (Dkt. 2).

3. The **Clerk** shall enclose **a copy** of the court-approved Affidavit of Indigency form with Petitioner's copy of this order.

4. No further action will be taken on this matter until Petitioner has complied with this Order.

5. Failure to comply with this Order within the allotted time shall result in the **dismissal** of this action **without further notice**.[2] *See* Fed. R. Civ. P. 41(b).

**DONE** and **ORDERED** in Tampa, Florida on May 22, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro Se* Petitioner
SA:jsh

---

[2] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).