**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOHN WESLEY ELLIS,

    Petitioner,

v.                                           Case No. 8:07-CV-838-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

Petitioner, a State of Florida inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (hereinafter "petition") on May 13, 2007 (Dkt. 1), and a "Motion for Consideration of Actual Innocence (as "Gateway" Pursuant to Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851(1995)" (Dkt. 2). Petitioner is challenging 1998 convictions for sexual battery and burglary of a dwelling with assault or battery entered by the Twelfth Judicial Circuit Court, Sarasota County, Florida (Dkt. 1). The Respondent has filed a response asserting that the petition should be dismissed as time-barred (Dkt. 7). The Petitioner has filed a reply in which he concedes that his petition is untimely (Dkt. 12). Petitioner asserts, however, that he is actually innocent of the charges for which he was convicted, and therefore the Court may consider his time-barred claims on the merits pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995).

## TIMELINESS

Petitioner's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides a one year period within which a Section 2254 federal habeas petition must be filed. 28 U.S.C. §2244(d)(1). Petitioner filed his petition more than one year after his judgment became final and it is therefore time-barred.

Petitioner's judgment became final on October 4, 2000, ninety days after the Florida Supreme Court affirmed the holding of the state appellate court in *Ellis v. State*, 762 So. 2d 912 (Fla. 2000). *See, Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Unless the period is tolled by a motion for collateral review, Petitioner had until October 4, 2001, to file his federal petition.

Petitioner did not file his motion for post-conviction relief until May 20, 2002, after the federal limitation period had expired on October 4, 2001 (See Dkt. 9, Ex. 10). Once AEDPA's limitations period expires, it cannot be reinitiated. Thus, none of Petitioner's filings after October 4, 2001, had any tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Consequently, the petition before this Court is time-barred.

## ACTUAL INNOCENCE

Petitioner acknowledges in his reply that his petition is time-barred, but contends that he is entitled to a review of the merits of his claims because he is actually innocent of the charges for which he was convicted.

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period,[1] generally, a procedural default may be excused if the petitioner can show that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his or her actual innocence to avoid a procedural bar to consideration of the merits of his or her underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298 (1995). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). As the *Schlup* court held: To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup v. Delo*, 513 U.S. at 324. Petitioner must establish factual innocence rather than mere legal

---

[1] *See Wyzykoski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000).

insufficiency. *Id.*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In other words, this exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause) (footnote omitted).

Petitioner has failed to make the requisite showing of actual innocence to permit this Court to reach the merits of his underlying claims. To support his actual innocence claim, Petitioner essentially asserts three claims: that there was insufficient evidence to convict him, there was no probable cause to arrest him, and his confession does not implicate him of the crimes. Petitioner has presented no "new reliable evidence" nor do his allegations suggest that any such evidence exists. Instead, Petitioner presents evidence known and available prior to trial and contends the evidence was insufficient to support his convictions. Petitioner can not support an actual innocence claim by suggesting legal insufficiency of his convictions. Petitioner's arguments are not based on new reliable evidence and fail to show that "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. Consequently, the Court cannot review the merits of Petitioner's claims.

## CONCLUSION

Petitioner's petition is time-barred. Furthermore, Petitioner has failed to satisfy the threshold requirement that he come forward with "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claims. *See Murray v. Carrier*, 477 U.S.

4

478, 495-99 (1986). Consequently, Petitioner does not qualify for an actual innocence exception to the one year period of limitation, even if such an exception exists.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 21, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro se* Petitioner
　　　　　Counsel of Record

5